The Judges were all clearly of opinion, after hearing the arguments, that the right was with the plaintiff on all the grounds, and that the defendant was not entitled to a new trial.
*491 On the first ground, they said, the presiding Judge was perfectly correct in suffering the copy of the grant from the records in the secretary’s office, to go to the Jury as presumptive evidence that it once existed, under the circumstances, and for the strong reasons urged by plaintiff’s counsel, in the course of the argument, especially as it was strongly confirmed and corroborated by the plat and resurvey lately made, which ascertained the old boundaries j and that length of time, and the ravages of the war, were circumstances sufficiently strong, to raise a presumption of its loss or destruction.
That as the plaintiff’s father had clearly made out a good title in himself down to the first day of January, 1775, it was incumbent on the defendant to shew, that that title had been defeated by an adverse possession, agreeable to the statute of limitations, during the father’s life-time. This title by possession so as to .defeat a grant, or other legal -conveyance, is never to be presumed ; but must be actually proved and shewn, in order to rebut a prior title, in the same manner, and with the same degree of precision, as plaintiff must shew a clear title in him, before he can recover.
On the third and last ground, it was evident that the time allowed to minors to bring actions for recovery of lands, had been enlarged from two to five years after they came of age, by the act of February., 178S ; and as this suit was brought by the plaintiff before he was twenty-six years of age, it was well brought.
Rule for new trial discharged.
All the Judges present.